UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TURNER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:20-cv-02375-TWP-MG ) |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter before the Court on a petition for a writ of habeas corpus filed by Petitioner Dennis Turner ("Turner"). (Dkt. 1). Turner challenges his conviction in prison disciplinary case IYC 20-05-0014. For the reasons explained in this Entry, the petition is **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## B. Disciplinary Proceeding

On April 28, 2020, Indiana Department of Correction (IDOC) Sgt. Kuye wrote a Report of Conduct charging Turner with a violation of IDOC Adult Disciplinary code B-231, intoxicants:

> I, Officer J. Kuye was doing my round in A Unit, then I observed Offender Turner Dennis was having a substance plugged on the wall. As I walked to him and ask what was going on, the offender Turner Dennis, told me there was nothing. On searching the bed area, I officer Kuye discovered a substance that looks like an intoxicant. The offender then opened up to me that the substance is his. He placed it there to plug in. I gave him confiscation slip but offender Turner refused to sign. Photos of the substance was taken and it was disposed.

Dkt. 7-1 (errors in original). The confiscation form described the property as "orange fermented liquid," and a picture shows an orange liquid in a plastic bag. Dkt. 7-2; dkt. 7-3. Turner refused to sign the confiscation form. Dkt. 7-2.

The same day, Officer D. Schwab wrote a witness statement that described the incident:

> On April 28, 2020 I Officer D. Schwab A unit after being requested via radio by Officer J. Kuye to help assist with a situation, which was to help him remove a mop bucket containing an orange colored, fermenting liquid with a strong smell. The area the substance was located was in the bed area of Offender Turner, [Dennis] #134071, identified as his through the use of bed boards and state issued identification. I did hear Offender Turner state to Officer Kuye that the substance was placed there due to him needing "a plug in to heat" the substance. I assisted in removing the substance from the unit as well as properly disposing it. Offender Turner did warn me that it will be hot so be careful, which indeed it was.

Dkt. 7-4 (errors in original).

Turner was notified of the charge on May 9, 2020. Dkt. 7-5. He pled not guilty, did not wish to call any witnesses, and requested video of the incident to show that he was not present at the time. Dkt. 7-5. There was no video available for the date and time of the incident because the camera system for the entire A Unit crashed on April 28, 2020. Dkt. 7-7; dkt. 7-8. Officer Hunter attested that because of this system crash, no video was taken on the A Unit. Dkt. 7-8.

2

The matter proceeded to a disciplinary hearing on May 18, 2020. Dkt. 7-6. Turner stated the confiscated property was not his "because he doesn't live over there." *Id.* The disciplinary hearing officer (DHO) considered the conduct report, Turner's statement, witness evidence, and the photos and confiscation slip and found Turner guilty. *Id.* Turner's sanctions included a deprivation of earned credit time. *Id.*

Turner's appeals to the Facility Head and the IDOC Final Reviewing Authority were unsuccessful. Dkt. 7-9. Turner then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return to order to show cause on October 28, 2020. Dkt. 7. Turner did not file a reply.

## C. Analysis

Turner raises three grounds in his habeas petition: (1) he was denied exculpatory evidence from two cameras in two different locations; (2) he was not present when the officer discovered the intoxicant and did not live there; and (3) the officers lied when they wrote that the intoxicant was his.[1] Dkt. 1 at 2. The Court construes grounds 2 and 3 to challenge the sufficiency of the evidence.

### 1. Denial of Evidence

Turner argues that he was wrongly denied video evidence. *Id.* at 2. He argues that, contrary to Officer Hunter's report, video must exist because the server captures video and is constantly on, he is familiar with the cameras that record in these locations, and the light is constantly on in those

---

[1] Turner also argues that the officers lied about his admission of guilt in a later disciplinary case. Because this habeas petition is limited to the question of whether Turner received due process in case IYC 20-05-0014, the Court does not reach that argument or the respondent's corresponding argument that Turner failed to present it in his administrative appeals.

3

areas. *Id.* He claims the video is exculpatory because it would show that he was not in the location where the intoxicant was found. *Id.*

Simply put, the prison staff cannot violate due process by failing to produce evidence that does not exist. "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017). Officer Hunter attested that no videos were recorded for the date and time Turner requested because of a server crash that caused the camera system to malfunction. Turner's own statement that the camera system *ordinarily* records video in the relevant area does not contradict Officer Hunter's statement that the system malfunctioned and failed to record during a specific time. Turner was not denied evidence that existed, and thus, he is not entitled to habeas relief on this ground.

### 2. Sufficiency of Evidence

Turner argues that though the conduct report states that he admitted to the officer that the intoxicant was his, he "was not even in the location" at the time it was found, so he could not have admitted it. Dkt. 1 at 2. He further claims that officers lie about offenders' admissions of guilt without evidence. *Id.* The Court construes these arguments as challenges to the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Turner was charged with a violation of code B-231 which prohibits "[m]aking, receiving, giving, transferring, trading, or in any other manner moving from one person to another, or possessing an intoxicating substance, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants, or chemical soaked paper)." Dkt. 7-11. Turner does not contest that the substance was an intoxicant. Rather, he contests that he was not present and did not live in the area where it was found in order to have possession of it.

But the IDOC Adult Disciplinary code does not require an offender to be physically present to meet its definition of possession:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, **an offender is presumed to be responsible for any property**, **prohibited property or contraband that is located on their person, within their cell or within areas of their housing**, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, **bed and bedding materials in his/her housing assignment** and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

Dkt. 7-12 at 6 (emphasis added). Officer Schwab's witness statement corroborates that the substance was located in "the bed area" of Turner which was confirmed by "the use of bed boards and state issued identification." Dkt. 7-4. Officer Schwab's statement goes further to support that Turner was physically present and spoke with Officer Kuye. *Id.* ("I did hear Offender Turner state to Officer Kuye that the substance was placed there due to him needing 'a plug in to heat' the substance."). Officer Kuye's conduct report, which alone provides some evidence to support the

5

charge, indicated that he directly observed Turner with a substance plugged into the wall of the A Unit, and that Turner admitted it was his and said he put it there to plug in. Dkt. 7-1.

The DHO considered Turner's statement at the hearing but ultimately found that the conduct report, witness statement, and physical evidence outweighed it. Dkt. 7-6. Turner's request that the Court consider the same evidence and weigh it differently by accepting his version of the incident to reach a different result is asking the Court to reweigh the evidence, something it cannot do. Accordingly, he is not entitled to habeas relief on these grounds.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Turner to the relief he seeks. Accordingly, Turner's petition for a writ of habeas corpus is **denied** and this action is **dismissed** with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   6/11/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DENNIS TURNER
134071
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov